**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARGENI ALEXIS MORALES-OLIVA,

      Petitioner,

v.

                                  Case No. 1:26-cv-02319-MIS-JFR

GEORGE DEDOS, Warden for Cibola
County Correctional Facility; MARY DE
ANDA-YBARRA, Field Office Director,
Enforcement and Removal Operations, El
Paso Field Office; Todd Blanche, Acting
Attorney General of the United States;
DAVID VENTURELLA, Acting Director
U.S. Immigration and Customs Enforcement;
and, MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Argeni Alexis Morales-Oliva's Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 17, 2026.

The federal Respondents filed a Response on July 31, 2026 ("Response").[1], [2]  ECF No. 6.  Upon

review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the

Petition.

Petitioner is a noncitizen from Cuba who entered the United States in November of 2022

and was released on his own recognizance by immigration officials shortly thereafter. Notice to

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

[2]     The Court has substituted the names of the current occupants of Federal offices for those who are no longer serving in that capacity.

Appear at 1, ECF No. 1, Tab D. Petitioner was arrested by ICE on Feb. 5, 2026, while attending a scheduled meeting with immigration officials and has remained in detention ever since. Pet. at 2-3. He is not under a final order of removal and has no reported criminal record. Id. Petitioner argues that his prolonged detention has become excessive and violates the Fifth Amendment's Due Process Clause and alleges that he was deprived of receiving a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(c). Id. As such, Petitioner seeks habeas relief to vindicate his rights. Id. at 6.

Respondents appear to concede that Petitioner's detention is governed by § 1226, but argue the Petition should be dismissed because Petitioner received a bond hearing on July 17, 2026, at which an immigration judge denied bonds on the grounds that "Petitioner was a flight risk based on his manner of entry." Resp. at 2. Therefore, Respondents contend the Court should dismiss as Section 1226(e) operates as a jurisdictional bar precluding judicial review in cases where Petitioners have received a bond hearing. Id. Additionally, and alternatively, Respondents argue that Petitioner has failed to exhaust administrative relief because he has not appealed the bond determination to the Board of Immigration Appeals. Id.

Petitioner is subject to § 1226 because he was taken into custody in the U.S. while attending a scheduled appointment with immigration officials. Pet. at 3. Thus, as the Tenth Circuit recently held in Santillan Quiroz v. Mullin, No. 266019, —F.4th—, 2026 WL 1876709, (10th Cir. June 30, 2026), Petitioner's detention is governed by § 1226(a). The Court further finds Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and applied to individuals detained under Section 1226(a), See

<u>Dong v. Mullin</u>, 26-cv-1818-MIS-LF, ECF No. 13 at 3-4 (D.N.M. July 7, 2026). Therefore, Petitioner is entitled to habeas relief.

Lastly, the Court also finds that immediate release is the appropriate form of relief in the instant case because Respondents failed to articulate a legitimate interest in Petitioner's continued detention. The determination that Petitioner was a flight risk at his bond hearing appears to be based purely on his "manner of entry-EWI [entry without inspection]." Order of Immigration Judge, ECF No. 6-2. However, given (1) Respondents willingly released Petitioner into the interior of the country previously, and (2) Petitioner complied with the previous terms of his release and was apprehended while voluntarily attending a meeting with immigration officials, <u>See</u> Notice to Appear and Pet. at 3, it cannot be said Respondents have articulated how Petitioner presently poses either a flight risk or danger to the community and therefore the Court orders his immediate release.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Argeni Alexis Morales-Oliva from custody/detention without restraints beyond those that existed before his unlawful detention;

3.    Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE